IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTOPHER JEROME WESSON                                                                    PLAINTIFF

v.                                         Civil No. 6:21-cv-06139

NURSE PRACTITIONER DERRICK                                                                   DEFENDANT
ELKINS, Pike County Detention Center

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, Christopher J. Wesson ("Wesson"), proceeds *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Robert T. Dawson, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Wesson's failure to prosecute this action and a Motion to Dismiss (ECF No. 19) filed by Defendant.

### I. DISCUSSION

Wesson was incarcerated in the Pike County Detention Center ("PCDC") when he filed his Complaint (ECF No. 1) on October 20, 2021. An Order (ECF No. 3) was entered advising Wesson that his IFP application was incomplete because it did not contain a certificate of account. Wesson was given until November 10, 2021, to provide the certificate of account or pay the $402 filing fee. In the same Order, Wesson was advised that he was required to "immediately inform the Court of any change of address." If he was transferred to another jail or prison or released, Wesson was advised he would have 30 days to inform the Court of his new address. Finally, he was advised that failure to inform the Court of "an address change shall result in the dismissal of this case."

On November 10, 2021, Wesson filed a second motion to proceed IFP. (ECF No. 5). However, this motion was not accompanied by a certificate of account. Wesson informed the Court that jail personnel had refused to complete the certificate. For this reason, an Order (ECF No. 8) was directed to Pike County Sheriff Travis Hill to assist Wesson by ensuring that the certificate of account was completed. The certificate of account was due by December 10, 2021. Wesson filed his completed IFP application (ECF No. 10) on December 6, 2021. The IFP motion was granted (ECF No. 11). The IFP motion is the last document filed by Wesson in this case.

On April 6, 2022, mail sent to Wesson at the PCDC was returned to the Court with a notation that Wesson was no longer at that facility. (ECF No. 17). In accordance with the Court's earlier Order, Wesson had until May 6, 2022, to provide the Court with his new address. Wesson has not submitted a change of address to the Court.

Defendant has now filed a Motion to Dismiss (ECF No. 19). Defendant states that he has been unable to effect service of his correspondence on the Plaintiff. Specifically, Defendant indicates he mailed a letter asking for past-due discovery requests to Wesson on April 26, 2022. The letter was returned with a notation that Plaintiff was no longer incarcerated in the PCDC.

As noted above, when he filed this case, Plaintiff was specifically advised (ECF No. 3) that he was required to inform the Court of any change in his address by no later than thirty (30) days from the time of his transfer to another facility or his release. Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

To date, Plaintiff has not provided a new address or contacted the Court in anyway. Defendant's Motion to Dismiss has been sent to Wesson's last known address, the PCDC, where he no longer resides. Wesson has not filed any documents with the Court since December 6, 2021. Wesson failed to apprise the Court of his new address by May 6, 2022.

## II. CONCLUSION

For these reasons, it is recommended that Defendant's Motion to Dismiss (ECF No. 19) be **GRANTED and this be DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact.**

**The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of May 2022.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE